## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Buckeye Cablevision, Inc. | : | Case No. 3:04 CV 7167 |
| Plaintiff, | : | |
| vs. | : | |
| Alphonso Vasquez, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Parties to this unauthorized interception of cable system case, filed pursuant to 47 U. S. C. §§ 553(a)(1)[1], 605(a)[2] and OHIO REV. CODE § 2307.62[3], consented to the jurisdiction of the undersigned United States Magistrate Judge according to 28 U. S. C. § 636(c). Pending is Plaintiff's unopposed

---

[1] No person shall intercept or receive or assist in intercepting or receiving any communications services offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law.

[2] No person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception.

[3] The owner and operator of cable television or communication systems may commence a civil action against persons who deprive the owner or operator of gross profits.

Motion for Summary Judgment (Docket No. 14). For the reasons that follow, Plaintiff's Motion for Summary Judgment is granted.

## FACTUAL BACKGROUND

Plaintiff, a cable system franchise located in Lucas County, Ohio, operates cable television systems in Toledo, Ohio (Docket No. 1, ¶ 7). Various programs are transmitted from orbiting satellites to Plaintiff's reception facilities and then re-transmitted to the subscribers' homes. Plaintiff provides each subscriber with a device known as a "converter" which converts the signal into different "channels" and allows the subscriber to view the signals on their television sets (Docket No. 1, ¶s 8, 11-12). Defendant is a resident of Toledo, Ohio, and a subscriber of Plaintiff's cable television services (Docket No. 1, ¶ 4).

Plaintiff alleges that Defendant, intentionally and with specific knowledge, illegally purchased or obtained one or more cable television de-scrambling and decoding devices and converted the signals without Plaintiff's authorization (Docket No. 1, ¶ 20-21). Plaintiff further contends that the aggregate loss of services through Defendant's actions exceeds $75,000 and that Defendant's actions are a violation of the Federal Communication Act of 1934 as amended[4] and OHIO REV. CODE § 2307.62 (Docket No. 1, ¶ 5, 25).

## PROCEDURAL BACKGROUND

---

[4]The Federal Communication Act of 1934 was amended and supplemented by the Communications Act of 1984 to address the theft of cable. H. P. REP. NO. 98-934 at 83 (1984), reprinted in 1984 U.S.C.C.A.N. 4655, 4720. These provisions were intended to address "the growing practice of individuals taking down satellite delivered programming for private, home viewing by means of privately owned backyard earth stations." *See* 1984 U.S.C.C.A.N. at 4745. "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication *** and use such communication for his or her own benefit or for the benefit of another not entitled thereto." COMMUNICATIONS ACT OF 1934, § 705(a), as amended, 47 U. S. C. § 605(a) (2005); *National Satellite Sports v. Eliadis*, 253 F.3d 900, 911 (6th Cir. 2001) *cert. denied sub nom. Time Warner Entertainment v. National Stellite Sports*, 122 S. Ct. 1127 (2002).

On April 5, 2004, Plaintiff filed a complaint in federal court seeking injunctive and declaratory relief for Defendant's unauthorized and illegal use of its cable television services (Docket No. 1). Defendant filed an answer on May 11, 2004, in which he denied that he had any knowledge of or engaged in any unauthorized reception of Plaintiff's programing using illegal equipment (Docket No. 4). On or about December 17, 2004, Plaintiff served Defendant with a Request for Admissions pursuant to FED. R. CIV. P. 36 (Docket No. 14, Exhibit 4). On February 10, 2005, Plaintiff mailed a letter via regular mail to Defendant requesting that Plaintiff comply with the Request for Admissions within 30 days (Docket No. 14, Exhibit 5). Defendant failed to respond and Plaintiff filed a Notice of Facts Deemed Admitted pursuant to FED. R. CIV. P. 36 (Docket No. 14, Exhibit 6). Defendant failed to file a response to Plaintiff request for summary judgment (Docket No. 14).

## **SUMMARY JUDGMENT STANDARD**

The summary judgment procedure is designed to dispose of cases wherein there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)).

The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case. *Celotex Corporation v. Catrett*, 106 S. Ct. 2548, 2552-2553 (1986). In the face of Plaintiff's properly supported Motion for Summary Judgment, the Defendant cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint.

*Anderson v. Liberty Lobby, Incorporated*, 106 S. Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Company*, 88 S. Ct. 1575, 1593 (1968)). The mere existence of a scintilla of evidence to support defendant's position will be insufficient; there must be evidence on which a jury could reasonable find for the defendant. *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corporation*, 106 S. Ct. 1348, 1355 (1986). In determining if the facts are material, the court must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 S. Ct. at 2513 (*citing Addickes v. S.H. Kress & Co.*, 90 S. Ct. 1598, 1609-1610 (1970)). If material facts are genuine, summary judgment must be denied. *Id.*

## DISCUSSION

Plaintiff claims that since Defendant failed to file a written answer or deny the Request for Admissions, all matters in the request are deemed conclusively established pursuant to FED. R. CIV. P. 36(b). Since there are no genuine issues of material fact, Plaintiff is entitled to judgment as a matter of law.

FED. R. CIV. P. 36 governs requests for admissions and provides that a matter is admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter." *U.S. v. One Tract of Real Property Together With all Building, Improvements, Appurtenances and Fixtures*, 95 F.2d 422, 428 (6th Cir. 1996) (*citing* FED. R. CIV. P. 36(a)). The district court has considerable discretion in

allowing a party to withdraw or amend admissions. *Kerry Steel v. Paragon Industries*, 106 F.3d 147, 154 (6th Cir. 1997). However, if a party fails to respond to a Request for Admission within 30 days or fails to seek an order from the court allowing withdrawal, amendment, or an extension to file, the court may deem the facts admitted and grant summary judgment based on the admissions. FED. R. CIV. P. 36(a).

Plaintiff forwarded a letter to Defendant requesting an immediate response to the Request for Admissions and notifying him that the time to respond had expired. Because Defendant failed to respond to the letter or move for relief from the request within the proper time, the admissions are deemed conclusively established under FED. R. CIV. P. 36(a).

Since Defendant has failed to present any significant probative evidence tending to show a genuine issue of material facts, the Magistrate grants Plaintiff's Motion for Summary Judgment. A hearing to determine the amount of Plaintiff's damages will be scheduled at a later time.

IT IS SO ORDERED.

/s/ Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge