**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Buckeye Cablevision, Inc. | : | Case No. 3:04 CV 7167 |
| Plaintiff, | : | |
| vs. | : | |
| Alphonso Vasquez, | : | **MEMORANDUM DECISION AND ORDER** |
| Defendant. | : | |

Parties to this unauthorized interception of cable system case, filed pursuant to 47 U. S. C. §§ 553 and 605, consented to the jurisdiction of the undersigned United States Magistrate Judge according to 28 U. S. C. § 636(c). The Magistrate, in a Memorandum Decision and Judgment filed on August 31, 2005, found that Defendant obtained premium cable services using Plaintiff's proprietary signals in violation of 47 U. S. C. § 553. Pending is Plaintiff's request for an award of damages resulting from such violation (Docket No. 16). For the reasons that follow, Plaintiff's request for damages, attorney fees, costs, interest and injunctive relief is granted.

**FACTUAL BACKGROUND**

The following facts are deemed admitted. Defendant was and is a subscriber to Plaintiff's cable television services. Defendant installed a cable converter box and/or device at or near his premises that was not supplied by Plaintiff on the cable service lines which carried Defendant's programming. In installing the unauthorized cable converter box and/or device, Defendant accessed cable services, pay-per-view events and other proprietary signals without paying for said services.

Defendant intended to receive and did receive premium and pay-per-view programming without payment to Plaintiff.  Plaintiff contends that the approximate aggregate monthly value of such programming is approximately $75,000.

## PROCEDURAL BACKGROUND

On April 5, 2004, Plaintiff filed a complaint in federal court seeking injunctive and declaratory relief for Defendant's unauthorized and illegal use of its cable television services (Docket No. 1).  Defendant filed an answer on May 11, 2004, in which he denied that he had any knowledge of or engaged in any unauthorized reception of Plaintiff's programing using illegal equipment (Docket No. 4).  On or about December 17, 2004, Plaintiff served Defendant with a request for admissions pursuant to FED. R. CIV. P. 36 (Docket No. 14, Exhibit 4).  On February 10, 2005, Plaintiff mailed a letter via regular mail to Defendant requesting that Plaintiff comply with the request for admissions within 30 days (Docket No. 14, Exhibit 5).  Defendant failed to respond and Plaintiff filed a notice of facts deemed admitted pursuant to FED. R. CIV. P. 36 (Docket No. 14, Exhibit 6).

This Court granted Plaintiff's Motion for Summary Judgment, determining that Defendant was liable for damages resulting from his violation of 67 U. S. C. §§ 553 and 605.  Plaintiff now seeks a judgment for the amount of damages, costs, attorney fees and permanent injunctive relief.

## DISCUSSION

Sections 553 and 605 provide civil and criminal remedies for unauthorized interception and subsequent transmission of satellite and cable signals.  The amount of damages assessed pursuant to Section 605 rests within the sound discretion of the court.  47 U. S. C. § 605 *et. seq.* (Thomson/West 2005). Under Section 605(e)(3), an aggrieved party may recover either actual or statutory damages for each violation of subsection (a).  Subsection (a) proscribes the unauthorized

receipt of any interstate or foreign communication by radio or wire and the use of such communication for his or her own benefit. Any person who violates subsection (a) willfully and for purposes of direct or indirect commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than two years, or both, for the first such conviction. 47 U. S. C. § 605 (e)(2) (Thomson/West 2005).

The court may grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain violations of subsection (a) of this section; award damages as described in subparagraph (C); and shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails. 47 U.S.C. § 605(B) (Thomson/West 2005).

Plaintiff seeks an award of $10,000 in statutory damages along with $2,000 in attorney fees, $240 in court costs and post-judgment interest. The Magistrate finds that there is no evidence that Defendant received substantial monetary gain by receiving Plaintiff's satellite programming without authorization, that Defendant repeatedly violated the statute over an extended period of time, or that Defendant attempted to profit by his illegal conduct. Accordingly, the Magistrate will not award the highest damages and will grant Plaintiff the sum of $7,500 in statutory damages.

The Sixth Circuit requires that an award of attorney fees be reasonable under the circumstances. *Grandzeier v. Middleton,* 173 F. 3d 568, 577 (6th Cir. 1999). The lodestar method is a starting point for determining a reasonable fee. *Id.* This method prescribes a calculation that includes the number of hours reasonable expended in the litigation multiplied by the hourly rate. *Id.*(*citing Hensley v. Eckerhart*, 103 S. Ct. 1933, 1939 (1983); *Cramblit v. Fikse*, 33 F. 3d 633, 635 (6th Cir. 1994)). The party seeking the attorney fees bears the burden of proof on the number of hours expended and the rates claimed. *Id.* (*citing Hensley,* 103 S. Ct. at 1939).

Plaintiff has provided a written affirmation that he expended 9.5 hours in pursuing this litigation and that his hourly fee is $200. The Magistrate has reviewed Plaintiff's affirmation and determined that such request for a fee of $1,900 is reasonable under the circumstances.

The Magistrate also finds that pursuant to 47 U. S. C. § 605, Plaintiff is also entitled to an award of court costs. In this case, the costs for filing total $240. Defendant shall be responsible for and pay the costs of $240.

Finally, the Magistrate finds that Plaintiff's request for injunctive relief is well taken. Specifically, Defendant is enjoined from the sale, modification and/or distribution of electronic equipment enabling the unauthorized interception of cable television programming services, from aiding and abetting or engaging in the interception, divulgence, reception or display or the cable television programming, service or signal of the Plaintiff, whether transmitted by air or by cable, without the express authorization of the Plaintiff, and from connecting, attaching, splicing into, tampering with or in any was using the Plaintiff's system for the purposes of obtaining any of the Plaintiff's programming services without Plaintiff's express authorization, and from manufacturing, purchasing, obtaining, utilizing, installing or possessing any device or equipment capable of descrambling, intercepting, receiving, decoding or in any way making available Plaintiff's programming and services without Plaintiff's authorization.

For these reasons, the Magistrate finds that $7,500 and post-judgment interest, is an appropriate award for damages. In addition, Plaintiff is entitled to an award of attorney fees totaling $1,900, $240 in costs and the permanent injunctive relief delineated above.

So ordered.

/s/Vernelis K. Armstrong
Vernelis K. Armstrong

United States Magistrate Judge